UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANIBAL ARROYO,

              Plaintiff,

-against-                                      **MEMORANDUM AND ORDER**
                                                          20-CV-688 (RRM) (RML)

CITY OF NEW YORK; NYDOC MENTAL
HEALTH;

              Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

    Plaintiff Anibal Arroyo, currently incarcerated at Great Meadow Correctional Facility, files this action pursuant to 42 U.S.C. § 1983 alleging the violation of his right to privacy by medical personnel during his detention at Rikers Island. (Compl. (Doc. No. 1).) He seeks damages and a written apology. (*Id.* at 5.) Arroyo's request to waive the filing fee is granted pursuant to 28 U.S.C. § 1915.[1] For the reasons set forth below, Arroyo's complaint is dismissed and he is granted 30 days' leave from the date of this Order to file an amended complaint.

## BACKGROUND

    The Court assumes the truth of the allegations in the Complaint for the purpose of this Memorandum and Order. That pleading alleges that Arroyo's constitutional right to privacy with respect to mental health information was repeatedly violated during his detention at the Anna N. Kross Center ("AMKC"), one of the detention facilities operated by the New York City Department of Correction ("NYDOC") on Rikers Island. He alleges that each time he met with a mental health professional at AMKC, he "was required to discuss [his] personal issues with the

---

[1] The Court notes that, pursuant to 28 U.S.C. § 1915, a plaintiff proceeding *in forma pauperis* must pay the total $350 civil filing fee. (*See* Letter to Superintendent of Great Meadow Correctional Facility (Doc. No. 3).) On March 18, 2020, the $350 fee was paid from Arroyo's prison trust fund account. (Doc. No. 5.)

door open.  This allowed everyone, correction officers and inmates to hear [his] very sensitive information."  (Compl. at 4.)  Arroyo alleges that he has heard "people talking about [his] discussions and laughing about [his] mental health because they know private details of [his] life."  (*Id.* at 5.)  He seeks $3,500,000 in damages and a written apology.  (*Id.*)

Although the caption of Arroyo's complaint names the City of New York and NYDOC Mental Health as the only defendants, Arroyo has listed five entirely different defendants in section I.B of his form complaint.  In this section of the complaint, Arroyo lists five individuals, followed by a date: James Jensen, 11/13/2018; Anthony Thompson, 11/26/2018; Monica Stahlman, 02/04/2019; Melissa Lattanzio, 03/29/2019; Monique Mack, 04/04/2019.  (Compl. at 2–3;10–24.)  The form complaint does not explain who these individuals are, or what acts or omissions are attributable to them.  However, a series of Progress Notes attached to the pleading suggest that they are employees of the New York City Health and Hospitals Corporation ("HHC") who provided mental health services to Arroyo on the dates listed next to their names.  In light of Arroyo's *pro se* status, the Court will construe the complaint as naming these five individuals as defendants, along with the City of New York and NYDOC Mental Health.

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint bought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).  Likewise, under 28 U.S.C. § 1915 (e)(2)(B), a district court

shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court construes Arroyo's pleading liberally, as courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted). Still, a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Where a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

Arroyo brings this lawsuit pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (*quoting Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). A plaintiff must further allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation in order to obtain money damages. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

## DISCUSSION

**A. Arroyo's § 1983 Claims**

A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016) (*citing Missel v. Cnty. of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009)). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury."), *cert. denied*, 565 U.S. 1259 (2012)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers, or "pursuant to governmental 'custom.'" *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690–91).

Arroyo's claim against NYDOC Mental Health must be dismissed. The New York City Charter provides that suits against City agencies must be brought against the City of New York. *See* N.Y. City Charter § 396. NYDOC Mental Health, if such an entity exists at all, would be a part of the New York City Department of Correction, a city agency, which would not have a separate identity from the City of New York. *Davis v. Lynbrook Police Dep't*, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002) (collecting cases) (Under New York law, "departments that are merely

4

administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.").

Moreover, Arroyo fails to allege any facts to demonstrate that the City maintains a policy or practice which led to the deprivation of his rights. *See Treadwell v. Cty. of Putnam,* No. 14-CV10137 (KMK), 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (plaintiff failed to state a claim where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused plaintiff's alleged constitutional injuries," but instead merely "detail[ed] an isolated series of incidents"). Therefore, Arroyo does not plead sufficient facts to support a § 1983 claim against the City of New York.

### B. Leave to Amend

In light of Arroyo's *pro se* status, the Court grants Arroyo 30 days' leave to file an amended complaint. *See Cuoco*, 222 F.3d at 112. To state a violation of privacy claim under § 1983 against the City of New York, Arroyo should provide facts to demonstrate that the alleged privacy violation was the result of a municipal custom, practice, or policy. Further, Arroyo should name any individual defendants in his complaint, and include facts regarding what each individual defendant did or failed to do in violation of his civil rights.

If Arroyo fails to file an amended complaint within 30 days of the date of this Order, or fails to address the deficiencies identified herein, judgment may enter against him. Arroyo is informed that an amended complaint will replace the prior complaint in this action and thus must stand on its own, without reference to the prior complaint. Therefore, Arroyo must include in the amended complaint all necessary information that was contained in the prior complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

For the reasons set forth above, Arroyo's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).  Arroyo is granted 30 days' leave from the date of this Order to file an amended complaint.  If Arroyo fails to file an amended complaint within 30 days of the date of this Order, or fails to address the deficiencies identified herein, judgment may enter against him.  Arroyo's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted and Arroyo shall pay the $350 filing fee in monthly installments.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days.  The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       October 19, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge